ORIGINAL

(Name) WILLIAM LITTLE ANDERSON

(Address) P. O. BOX 3030, A2-114 (HIGH DESERT STATE PRISON)

(City, State, Zip) SUSANVILLE, CA 96127-3030

(CDC Inmate No.) K-18716

FILED
JAN - 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

2254 ___ 1983 ✓
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ✓ No ___
COPIES SENT TO
Court ✓ ProSe ___

# United States District Court
## Southern District of California

(Enter full name of plaintiff in this action.)

WILLIAM LITTLE ANDERSON, Plaintiff,

v.

E. VIZCARRA, (CORR. SGT.)
ROBERT J. HERNANDEZ, (WARDEN),
J. DENNISON, (CORR, OFFICER),
AND DOES 1 TO 40

(Enter full name of each defendant in this action.)

Defendant(s).

'08 CV 0064 BEN JMA

Civil Case No. ___
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

**A. Jurisdiction**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

**B. Parties** (SEE ATTACHMENT PAGES 1 THRU 3)

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, (SEE ATTACHMENT PAGES 1-3) (print Plaintiff's name), who presently resides at (SEE ATTACHMENT PAGES 1-3.) (mailing address or place of confinement), were violated by the actions of the below named individuals. The actions were directed against Plaintiff at (SEE ATTACHMENT PAGES 1-3) (institution/place where violation occurred) on (dates) (ATTACHENT 1-3) (Count 1), (Count 2), and (Count 3)

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)
(SEE ATTACHMENT PAGES 2 THRU 3)

(SEE ATTACHMENT PAGES 2 THRU 3)

Defendant (SEE ATTACHMENT PAGES 2-3) resides in (SEE ATTACHMENT PAGES 2-3.),
(name) (County of residence)
and is employed as a (SEE ATTACHMENT PAGES 2-3.) . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: (SEE ATTACHMENT PAGES 3-7)

(SEE ATTACHMENT PAGES 2 THRU 3)

Defendant (SEE ATTACHMENT PAGES 2-3.) resides in (SEE ATTACHMENT PAGES 2-3.),
(name) (County of residence)
and is employed as a (SEE ATTACHMENT PAGES 2-3.) . This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: (SEE ATTACHMENT PAGES 3-7.)

(SEE ATTACHMENT PAGES 2 THRU 3)

Defendant (SEE ATTACHMENT PAGES 2-3.) resides in (SEE ATTACHMENT PAGES 2-3.),
(name) (County of residence)
and is employed as a (SEE ATTACHMENT PAGES 2-3.) . This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: (SEE ATTACHMENT PAGES 3-7.)

(SEE ATTACHMENT PAGES 2 THRU 3)

Defendant (SEE ATTACHMENT PAGES 2-3.) resides in (SEE ATTACHMENT PAGES 2-3.),
(name) (County of residence)
and is employed as a (SEE ATTACHMENT PAGES 2-3.) . This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: (SEE ATTACHMENT PAGES 3-7.)

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: (SEE ATTACHMENT PAGES 3-11)

(SEE ATTACHMENT PAGES 3-11.) (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

(SEE ATTACHMENT PAGES 3-11)

Count 2: The following civil right has been violated: (SEE ATTACHMENT PAGES 4-5)
(SEE ATTACHMENT PAGES 4-5.) (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.] (SEE ATTACHMENT PAGES 4-5.)

(SEE ATTACHMENT PAGE 5)

Count 3: The following civil right has been violated: (SEE ATTACHMENT PAGES 6-7)
(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

(SEE ATTACHMENT PAGES 6-7)

**D. Previous Lawsuits and Administrative Relief** (SEE ATTACHMENT PAGES 7-8)

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☐ No. (SEE ATTACHMENT PAGES 7-11)

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.] (SEE ATTACHMENT PAGES 7-11)

(a) Parties to the previous lawsuit: (SEE ATTACHMENT PAGES 8-11)
Plaintiffs: (SEE ATTACHMENT PAGES 8-11)
Defendants: (SEE ATTACHMENT PAGES 8-11)

(b) Name of the court and docket number: (SEE ATTACHMENT PAGES 8-11)

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] (SEE ATTACHMENT PAGES 8-11)

(d) Issues raised: (SEE ATTACHMENT PAGES 8-11)

(e) Approximate date case was filed: (SEE ATTACHMENT PAGES 8-11).

(f) Approximate date of disposition: (SEE ATTACHMENT PAGES 8-11).

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☐ Yes ☐ No. (SEE ATTACHMENT PAGES 8-11)

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

(SEE ATTACHMENT PAGES 8-11)

**E. Request for Relief** (SEE ATTACHMENT PAGE 9)

Plaintiff requests that this Court grant the following relief: (SEE ATTACHMENT PAGES 9-11)

1. An injunction preventing defendant(s): (SEE ATTACHMENT PAGES 9-11)

2. Damages in the sum of $ (SEE ATTACHMENT PAGE 9)
3. Punitive damages in the sum of $ (SEE ATTACHMENT PAGE 9)
4. Other: (SEE ATTACHMENT PAGE 9)

**F. Demand for Jury Trial** (SEE ATTACHMENT PAGE 10)

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction** (SEE ATTACHMENT PAGE 11)

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following: (SEE ATTACHMENT PAGE 11)

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

01-04-08
Date

[signature]
Signature of Plaintiff

**"ATTACHMENT PAGES ONE THROUGH ELEVEN"**

WILLIAM LITTLE ANDERSON, K-18716
Post Office Box 3030, A2-114L
Susanville, California 96127-3030
H.D.S.P.

In Pro Per Status:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LITTLE ANDERSON,<br>Plaintiff,<br><br>-V-<br><br>E. VIZCARRA, (CORR. SGT.,<br>ROBERT J. HERNANDEZ, (Warden),<br>J. DENNISON, (CORR. OFFICER,<br>and does 1 to 40,<br><br>Defendants. | Case No.: ____________<br>To be supplied by Court<br><br>COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. §1983 |

A. JURISDICTION

The jurisdiction of this Court is respectively invoked pursuant to 28 U.S.C. §1343(a) and 42 U.S.C. §1983.

B. PARTIES

1. <u>Plaintiff(s):</u> This complaint alleges that the civil rights of WILLIAM LITTLE ANDERSON, who presently resides at HIGH DESERT STATE PRISON, were violated by the actions of the below named individuals. The actions of the below named individuals were direct and deliberate against Plaintiff at R. J. DONOVAN CORRECTIONAL FACILITY, 480 ALTA ROAD, SAN DIEGO, CALIFORNIA 92179 on April 20, 2003 extending through 2006, as to Counts 1 through 3.

2. **Defendant(s):** Defendant #1, E. **VIZCARRA**, resides within the County of San Diego, California, and is presently employed as a Correctional Sergeant at **R. J. DONOVAN CORRECTIONAL FACILITY.** Defendant #1, is currently being sued in his **"INDIVIDUAL AND OFFICIAL"** capacity. Defendant #1, **E. VIZCARRA**, at the time of his alleged actions was working within his official capacity under color of authority as a Correctional Sergeant when he illegally seized and thereafter ordered the donation or destruction of Plaintiff's non-clear case appliances.

3. **Defendant(s):** Defendant #2, **ROBERT J. HERNANDEZ**, resides within the County of San Diego, California, and is presently employed as the Warden at **R. J. DONOVAN CORRECTIONAL FACILITY.** Defendant #2,, is currently being sued in his **INDIVIDUAL AND OFFICIAL"** capacity. Defendant #2, **ROBERT J. HERNANDEZ**, at the time of his alleged actions was working within his official capacity under color of authority as the Warden when he instructed and/or ordered staff under his immediate control and/or supervision to continue seizing in-transit inmates non-clear electrical devices/appliances and thereafter disposal of them without the inmate's consent thereto.

4. Defendant(s): Defendant #3, J. **DENNISON**, resides within the County of San Diego, California, and is presently employed as a Correctional Officer at **R. J. DONOVAN CORRECTIONAL FACILITY.** Defendant #3, is being sued in his **"INDIVIDUAL AND OFFICIAL"** capacity. Defendant #1, J. **DENNISON**, at the time of his alleged

actions was working within his official capacity under color of authority as a Correctional Officer when he had Plaintiff's personal property taken to Receiving & Release for disposal which was thereafter destroyed or donated to charity without the consent of Plaintiff.

C. **Cause of Action**

**Count 1:** The following civil rights has/have been substantially violated: Plaintiff's civil rights governed by the **Fifth** and **Fourteenth Amendments** due process and equal protection clauses contained within the United States Constitution has/have been substantially violated by the herein named defendants because their actions deprived Plaintiff's of due process of law, equal protection of law and that such personal property was taken and donated to public use without just compensation or destroyed.

**SUPPORTING FACTS TO COUNT #1**

In **JULY** of **1998**, the Director of the Department of Corrections issued a memorandum which only authorized Wardens at their respective institutions to restrict inmate's new purchases of televisions, radios and compact disks/cassette players to clear-case technology only. The Director specifically emphasized that those inmates who are currently in possession of non-clear devices will be allowed to retain them pending adoption of those regulations, and in addition no effort shall be made doing this transition to require disposal of them in some way if inmates transfer from one institution to another. In the interim Wardens

at their respective institutions may only restrict their practice to requiring new purchases of electrical appliances be clear-case technology only.

Defendant 1, E. **VIZCARRA**, Sergeant of Receiving & Release despite the Directors **JULY** of **1998** memorandum continued to direct, instruct and/or order R&R Staff at R. J. **DONOVAN CORRECTIONAL FACILITY** under his immediate control/supervision to continue seizing all in-transit non-clear electrical or non-electrical devices/appliances and disposal of them according to institutional policy.

Defendant 2, **RICHARD J. HERNANDEZ**, Warden of **R. J. DONOVAN CORRECTIONAL FACILITY** refusal to honor/adhere to the Director's memorandum generated in **JULY** of **1998** and permitting, allowing and/or directing Defendant 1, E. **VIZCARRA**, Correctional Sergeant of Receiving & Release to continue their practice of seizing all in-transits non-clear electrical appliances and later destroying and/or donating them etc... are clearly acts of concert which contributed to the destruction of Plaintiff's personal property.

<u>**Count 2:**</u> The following civil right(s) has/have been substantially violated: Plaintiff's right(s) governed by the **Fifth**, **Eight** and **Fourteenth Amendments Due Process of Law**, **Cruel And Unusual Punishment And Equal Protection of the law** contained within the United States Constitution to not be deprived of personal property, subjectd to cruel and unusual punishment or denied equal protection as all other similar situated individuals; or property taken for donation or public use without just compensation have been violated by the below named defendants.

SUPPORTING FACTS TO COUNT #2

On **Tuesday, June 13, 2006**, at approximately **10:30 a.m. hrs.**, Defendant 3, **J. DENNISON**, 2'W Floor Officer of building #2 Facility #1 at **R. J. DONNOVAN CORRECTIONAL FACILITY** conducted a routine cell search of Inmate **DeJsus**, J-35972, F1-2-112 and seized Plaintiff's personal property which is the subject of this suit. **C/O DENNISON**, failed to make a reasonable effort to contact Plaintiff who was the rightful owner of the personal property he seized. **C/O DENNISON**, inquired his co-worker **C/O RAMOS** to transport Plaintiff's personal propert namely a **JWIN RADIO** to Receiving & Release for disposal.

On **Wednesday, June 14, 2006**, Plaintiff confronted **C/O DENNISON** to inform him that the personal property he seized on **Tuesday, June 13, 2006**, he was the rightful owner and to explain the extent of the radio being within inmate **DeJsus's** living quarters. **C/O DENNISON** called Receiving & Release in an endeavor to retrieve the property back, however, R&R Staff informed him that the property in question had already been disposed of.

Defendant 3, **J. DENNISON**, Correctional Officer neglect or failure to adhere/follow CDC'S mandated protocol prerequisites within California Code of Regulations, Title 15, Article 9 Personal Property Section §3191 clearly deprived Plaintiff of due process, equal protection and amounts to cruel and unusual punishment. His failures to endeavor to contact Plaintiff who was the rightful owner of the property he seized ultimately lead to the wrongful destruction of Plaintiff's personal property.

<u>**Count 3:**</u> The following civil right(s) has/have been substantially violated: Plaintiff's right to be free from actions of deliberate indifference, cruel and unusual punishment and negligent care of personal property governed by the **Fifth, Eighth** and **Fourteenth Amendments** of the United States Constitution have been violated.

<u>SUPPORTING FACTS TO COUNT #3</u>

On **December 6, 2006,** Receiving & Release Staff at **R. J. DONOVAN CORRECTIONAL FACILITY** who were under the immediate control and supervision of Defendant #2, **ROBERT J. HERNANDEZ,** Warden trans-packed Plaintiff's property while Plaintiff was awaiting to be transferred to Folsom State Prison. On **December 8, 2006,** Plaintiff was transferred to Folsom State Prison. On **December 26, 2006,** Plaintiff received a pass from R&R at Folsom to come retrieve his personal property. On the date in question upon R&R inventorying Plaintiff's property prior to distribution thereof R&R Staff namely **C/O HAWORTH** acknowledged, verified and confirmed that the below listed personal items of Plaintiff were missing:

1. **Timex wrist watch**
2. **Stop watch**
3. **14 Karat gold religious cross**
4. **14 Karat gold necklace/chain**
5. **14 Karat gold wedding/ring**
6. **One pair of shaving clippers**
7. **One fan**
8. **One pair of headphone**
9. **One calculator**
10. **Two baby powders**

On **December 6, 2006,** the date Plaintiff trans-packed . . . three unknown R&R Correctional Officers . . . assisted with the packing and documentation of Plaintiff's personal property. One of the unknown officers conducted the documentation of the items while the other two assisted oneanother with the packing of

Plaintiff's property into boxes. The unidentified officer that conducted the documentation of Plaintiff's . . . property eluded to sign the Inmate's Property Inventory Sheet, however, **C/O HAWORTH**, R&R Staff at Folsom State Prison signed her name confirming that upon her inventory of Plaintiff's personal property the items in question were in fact missing and that she only delivered the remainder of Plaintiff's personal property that was received by her.

Defendant 2, **ROBERT J. HERNANDEZ**, Warden of **R. J. DONOVAN CORRECTIONAL FACILITY** is bound by law to afford through his staff under his immediate control/supervision Plaintiff the duty of care to medical needs/treatments as well as to Plaintiff's personal property the same duty of care equally afforded to other fellow inmates similar situated. If not such duty of care is violated through actions of staff which are directly under Defendant 2's immediate control or supervision and all recourses shall be directed towards Defendant 2, the Warden.

The unidentified R&R Staffs' negligence in packaging/handling Plaintiff's personal property has resulted in depriving Plaintiff of the duty of care mandated of Defendant 2, **ROBERT J. HERNANDEZ**, Warden.

**D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF**

Plaintiff as to Count 1, has not filed any previous Tort Claims or lawsuits in state or federal court dealing with this particular count.

2. Plaintiff has previously sought and exhausted all forms of informal and/or formal relief from the proper administrative officials regarding the acts alleged in Part C above related to

Count 1 therein. Plaintiff timely expedited an administrative 602 Appeal seeking administrative relief in the form of monetary compensation which was denied at all levels of administrative review including and not limited to the Director's level of review.

3. Plaintiff, as to Count 2 has filed a previous Tort Claim Lawsuit in state court dealing with this particular count only.

**(a) Parties to the previous lawsuit:**

**Plaintiff(s): WILLIAM LITTLE ANDERSON**

**Defendant(s): ROBERT J. HERNANDEZ, (WARDEN)**

**(b)** Name of the Court and Docket Number: Superior Court of California, San Diego County, South County Division. Case Docket Number is 37-2007-00008618-SC-SC-SC.

**(c) Disposition:** The Court ruled that Defendant does not owe Plaintiff any money on Plaintiff's claim. This case is not still pending in state court and Plaintiff did not appeal the court's findings/disposition.

**(d) Issue(s) raised:** That defendant owed plaintiff money due to the destruction of plaintiff's personal property.

**(e) Approximate date case was filed:** August 09, 2007

**(f) Approximate date of disposition:** October 31, 2007

4. Plaintiff has also previously sought and exhausted all forms of informal and/or formal relief from the proper administrative officials regarding the acts alleged in Part C above related to Count 2 therein. Plaintiff timely expedited a CDC Inmate/Parolee Appeal Form 602. Plaintiff sought administrative relief . . . by filing 602 Appeal requesting monetary damages which was denied at all levels of administrative review.

5. Plaintiff, as to Count 3, has not filed any previous Tort Claims or lawsuits in state or federal court dealing with this particular count.

6. Plaintiff, as to Count 3, has previously sought to exhaust all forms of informal and/or formal relief from the proper administrative officials regarding the acts alleged in Part C above related to Count 3 therein. Plaintiff timely expedited an administrative 602 Appeal seeking administrative relief in the form of monetary compensation which was denied at the informal, formal and first level review. When Plaintiff sought to pursue the second level review the appeals coordinator at **R. J. DONOVAN CORRECTIONAL FACILITY rejected it on the predicate of being un- timely.** Plaintiff in the interim resubmitted it along with an explanation as to why the instant 602 Appeal was delayed, but the appeals coordinator still refused to expedite Plaintiff's appeal for second level review. Under such compelling circumstances compelled Plaintiff to expedite count 2 to this Court so that Plaintiff will not be foreclosed from bring it later.

**E. Request for Relief**

Plaintiff respectfully requests that this Court grant the following relief:

1. **An injunction preventing defendent(s):** From taking any adverse administrative measures out on Plaintiff in the form of harassment etc...

2. **Damages in the sum of: $980.00**

3. **Punitive damages in the sum of: $1,000.00**

4. **Other: The cost for Court filing fees: $350.00**

**F. Demand for jury Trial**

Plaintiff respectively demands a trial by jury.

G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and entry of final judgment on consent of all the parties under 28 U.S.C. §636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severly limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and entry of final judgment by indicating your consent below.

Choose only one of the following:

[ ] Plaintiff consents to Magistrate judge jurisdiction as set forth above.

**OR**

[X] Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under penalty of perjury that the foregoing is true and correct.

01-04-08
Date

William L. Andersen
Signature of Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM LITTLE ANDERSON

PLAINTIFF or PETITIONER

v.

Case Number:

E. VIZCARRA, (COOR. SGT.),

Defendant or Respondent

ROBERT J. HERNANDEZ, (Warden),
J. DENNISON, (CORR. OFFICER),
AND DOES 1 TO 40,

## PROOF OF SERVICE

I hereby certify that on 01-04-, 2008, I served a copy of the attached 1983 CIVIL ACT COMPLAINT OF 42 U.S.C. AND ATTACHED IN FORMA PAUPERIS APPLICATION., by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at HIGH DESERT STATE PRISON:

1. E. VIZCARRA, (CORRECTIONAL SGT.)
   480 ALTA ROAD (PLACE OF EMPLOYMENT)
   SAN DIEGO, CA 92179

2. ROBERT J. HERNANDEZ, (WARDEN)
   480 ALTA ROAD (PLACE OF EMPLOYMENT)
   SAN DIEGO, CA 92179

3. J. DENNISON, (CORRECTIONAL OFFICER)
   480 ALTA ROAD (PLACE OF EMPLOYMENT)
   SAN DIEGO, CA 92179

I declare under penalty of perjury that the foregoing is true and correct.

William L. Anderson

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED
JAN - 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254 1983 ✓
FILING FEE PAID Yes ___ No ✓
IFP MOTION FILED Yes ✓ No
COPIES SENT TO Court ✓ ProSe

**I (a) PLAINTIFFS**

**William Little Anderson**

**DEFENDANTS**

**Vizcarra, et al**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Lassen
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**William Little Anderson**
**PO Box 3030**
**Susanville, CA 96127**
**K-18716**

**ATTORNEYS (IF KNOWN)**

'08 CV 0064 BEN JMA

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**42 U.S.C. 1983**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
☐ 110 Insurance
☐ Marine
☐ Miller Act
☐ Negotiable Instrument
☐ 150 Recovery of Overpayment &Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153Recovery of Overpayment of Veterans Benefits
☐ 160 Stockholders Suits
☐ Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Eiectmant
☐ 240 Tort to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury- Medical Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710Fair Labor Standards Act
720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc.
☐ Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (13958)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reappointment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State
☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 1/9/2008 SIGNATURE OF ATTORNEY OF RECORD