# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LITTLE ANDERSON, CDCR #K-18716,<br>Plaintiff,<br>vs.<br>E. VIZCARRA, et al.,<br>Defendants. | Civil No. 08-0064 BEN (JMA)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[Doc. No. 2]** |

William Little Anderson ("Plaintiff"), a state prisoner currently incarcerated at the Pleasant Valley State Prison located in Coalinga, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I. MOTION TO PROCEED IFP

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*,

169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002).

In this matter, Plaintiff has submitted a certified copy of his prison trust account statement indicating that he has a current available balance of $5659.29. Thus, even if the Court were to calculate the initial partial filing fee, it would exceed the $350 civil filing fee. Accordingly, because Plaintiff has sufficient funds from which to pay the $350 filing fee, his Motion to Proceed *IFP* is DENIED.

## II. CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

(2) This action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a).

(3) Plaintiff if **GRANTED** forty five (45) days from the date this Order is Filed to pay the entire $350 filing fee. If Plaintiff does not pay the $350 filing fee in full, within 45 days,

///

///

///

///

///

this action shall remained closed without further Order of the Court.[1]

**IT IS SO ORDERED.**

DATED: February 12, 2008

Hon. Roger T. Benitez
United States District Judge

[1] Plaintiff is cautioned that, even if he pays the $350 filing fee, his Complaint remains subject to the sua sponte screening provisions of 28 U.S.C. § 1915A.