FILED
MAY - 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM LITTLE ANDERSON, | Case No. 08cv0064 BEN (JMA) |
|---|---|
| Plaintiff, | ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. § 1915A(b) |
| vs. | |
| E. VIZCARRA *et al.*, | |
| Defendants. | |

Plaintiff William Little Anderson, an inmate currently incarcerated at Pleasant Valley State Prison located in Coalinga, California, has filed a civil rights Complaint under 42 U.S.C. § 1983. Dkt. No. 1 (Jan. 9, 2008). For the reasons set forth below, the Court dismisses this Complaint without prejudice.

## DISCUSSION

**I.      Legal Standard**

The Prison Litigation Reform Act requires the Court to conduct a preliminary screening of all cases filed by prisoners seeking redress from governmental entities or their officers or employees. 28 U.S.C. § 1915A(a). Under section 1915A, the Court must dismiss a prisoner's complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from defendants immune from such relief. 28 U.S.C. § 1915A(b). "[W]hen determining whether a complaint states a claim, [the Court] must accept as true all allegations of

///

material fact and must construe those facts on the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Nevertheless, in liberally interpreting a complaint, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Where a prisoner alleges loss of property, the Court must dismiss the complaint if state law provides adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (*per curiam*)

## II.  *Sua Sponte* Screening of This Complaint

The Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Anderson claims that Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights. Dkt. No. 1 at 13-15. Specifically, he alleges that Defendants destroyed or lost his personal items, including his radio. *Id.* His allegations, however, do not give rise to a cause of action under section 1983 because the California Tort Claims Act provides an adequate remedy for the alleged unauthorized taking of property. *Barnett*, 31 F.3d at 816-17. Accordingly, the Complaint cannot pass muster under section 1915A(a).

## CONCLUSION AND ORDER

For the reasons set forth above, the Court dismisses the Complaint without prejudice pursuant to 28 U.S.C. § 1915A.

The Court further grants Anderson 45 days leave from the entry of this Order to file a First Amended Complaint to cure the deficiencies noted above, with two conditions. First, Anderson's First Amended Complaint must be complete in itself without reference to the dismissed Complaint. *See* S.D. Cal. Civ. Local Rule 15.1. Failure to name any defendants or to re-allege any claims in the First Amended Complaint will result in a waiver of the claims. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Second, if the First Amended Complaint fails to state a claim upon which relief may be granted, the Court may (1) dismiss this action without further leave to amend, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); and (2) count this action as a "strike" – an action dismissed on the grounds that it is frivolous, malicious, or fails to state a claim – under 28 U.S.C. § 1915(g).

///

///

1 | The Clerk of the Court shall mail a form section 1983 complaint to Anderson.

2 | IT IS SO ORDERED.

3 | Dated: May 09, 2008

Roger T. Benitez
United States District Judge